## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TIMOTHY HARPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-16-1173-SLP** |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### REPORT AND RECOMMENDATION

Plaintiff Timothy Harper brings this action pursuant to 42 U.S.C. § 405(g) for

judicial review of the final decision of the Commissioner of the Social Security

Administration ("SSA") denying Plaintiff's applications for disability insurance benefits

("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for

Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42

U.S.C. §§ 1381-1383f.  The presiding District Judge has referred this matter to the

undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)

and Rule 72(b) of the Federal Rules of Civil Procedure.  The Commissioner has answered

and filed the administrative record (Doc. No. 10, hereinafter "R. _").[1]  The parties have

briefed their positions, and the case is now ready for decision.  For the reasons set forth

below, the undersigned recommends that the Commissioner's decision be affirmed.

---

[1] With the exception of the administrative record, references to the parties' filings use the
page numbers assigned by the Court's electronic filing system.

## PROCEDURAL HISTORY

Plaintiff filed his applications for DIB and SSI on October 10, 2012, alleging a disability onset date of March 1, 2012. R. 12, 199-205, 206, 208-13, 303. Following denial of Plaintiff's applications initially and on reconsideration, an Administrative Law Judge ("ALJ") held a hearing. R. 30-83, 124-31, 136-41. The ALJ issued an unfavorable decision on March 25, 2015. R. 12-24. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 1-4; *see also* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff then filed this action for judicial review.

## ADMINISTRATIVE DECISION

As relevant here, a person is "disabled" within the meaning of the Social Security Act if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2012, the alleged onset date. R. 14. At step two, the ALJ determined that Plaintiff had the severe impairments of: methicillin-resistant staphylococcus aureus; osteomyelitis, status-post fusion; alcohol-related seizure disorder; and history of substance abuse. R. 14-17. At step three, the ALJ

determined that Plaintiff's impairments did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 17-18.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of his medically determinable impairments. R. 18-22. The ALJ found that Plaintiff has the RFC to perform sedentary work, except Plaintiff

> can lift, carry, push or pull ten pounds occasionally and less than ten pounds frequently. [Plaintiff] can stand or walk for six hours total in an eight-hour workday, and he can sit for six hours total in an eight-hour workday. [Plaintiff] can never crawl or climb ladders, ropes or scaffolds. [Plaintiff] occasionally can climb stairs, balance, kneel or crouch. [Plaintiff] frequently can stoop. [Plaintiff] should avoid vibrations, unprotected heights and hazardous machinery. [Plaintiff] cannot repetitively turn, flex or extend his neck.

R. 18; *see* 20 C.F.R. §§ 404.1567(a), 416.967(a) (defining "sedentary" work). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work and that transferability of job skills was not a material issue. R. 22-23.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of his age, education, work experience, and RFC—could perform. Taking into consideration the hearing testimony of a vocational expert ("VE") regarding the degree of erosion to the unskilled sedentary occupational base that is caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform sedentary unskilled occupations such as food and beverage order clerk and surveillance-system monitor, both of which offer jobs that exist in significant numbers in the national economy. R. 23-24. On this basis, the ALJ concluded

that Plaintiff had not been under a disability, as defined in the Social Security Act, from March 1, 2012, through the date of the decision.  R. 24.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied.  *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted).  The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met."  *Wall*, 561 F.3d at 1052 (internal quotation marks omitted).  While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner.  *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## ANALYSIS

In this appeal, Plaintiff contends that the ALJ's step-five decision is not supported by substantial evidence because there is an unexplained conflict between Plaintiff's abilities and the jobs relied upon by the VE and ALJ as those jobs are defined in the

*Dictionary of Occupational Titles* ("DOT"). *See* Pl.'s Br. (Doc. No. 14) at 2-7 (citing DOT 209.567-014 (order clerk, food and beverage), 1991 WL 671794 (4th rev. ed. 1991); DOT 379.367-010 (surveillance-system monitor), 1991 WL 673244)). Specifically, Plaintiff argues that the "defined job duties in the DOT do not appear to be jobs where there is *no* turning of the neck." Pl.'s Br. at 4. Plaintiff then states that "[a]t the administrative hearing, the VE was asked to consider a person who could *never move* his neck." *Id.* at 5 (emphasis added) (citing R. 77); *see also id.* at 6 (characterizing the VE's testimony as opining on "the demands of working with an *immovable* neck" (emphasis added)). Plaintiff argues that, because "the DOT does not speak to neck movement," the ALJ "erred because she failed to find out from the VE what his source of information was that these jobs could be performed *without moving* the neck." *Id.* at 5 (emphasis added). Plaintiff's argument fails for multiple reasons.

First and foremost, Plaintiff builds his argument upon a misstatement of the record. Contrary to Plaintiff's claims, he was not limited to "no" neck movement in the RFC. The ALJ included the restriction that Plaintiff "cannot *repetitively* turn, flex or extend his neck." R. 18 (emphasis added). Consistent with this RFC, the ALJ's hypothetical to the VE and the VE's response addressed a limitation on repetitive neck movement rather than a prohibition on any neck movement. During the VE's testimony at the hearing, the ALJ proposed a hypothetical that included the limitations of "[n]o repetitive turning of the neck or flexing or extending the neck." R. 76-77. The VE—specifically clarifying that the hypothetical person being considered had limitations on "repetitive turning of neck" and "flexing the neck forward," R. 78—testified that such a person could perform the jobs of

food and beverage order clerk and surveillance-system monitor. R. 77-79. The VE reiterated that he had "considered . . . the neck, the flexing, the moving back and forth as far as doing the work. Just very restrictive." R. 78-79. As Plaintiff's counsel should be well aware, arguments based upon misrepresentations of the record cannot stand. *See Gaines v. Berryhill*, No. CIV-15-1251-M, Order (Doc. No. 26) (W.D. Okla. May 10, 2017) (Goodwin, M.J.); *see also Kirkpatrick v. Colvin*, 663 F. App'x 646, 650 n.2 (10th Cir. 2016); *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

Second, Plaintiff has not established that there was a conflict between the DOT and the VE testimony. Plaintiff concedes that "the DOT does not speak to neck movement," but then asserts that "[t]he VE did not provide any explanation for this deviation from the DOT." Pl.'s Br. at 5. "Both the Tenth Circuit and this Court have previously found, however, that the fact that the DOT does not specifically address a certain limitation in its descriptions for the jobs relied upon by the VE and the ALJ does not necessarily establish an actual 'conflict' between the two sources of information." *Nguyen v. Colvin*, No. CIV-15-973-R, 2016 WL 4384373, at *8 (W.D. Okla. July 28, 2016) (R. & R.), *adopted*, 2016 WL 4384799 (W.D. Okla. Aug. 16, 2016). "[T]he categorical requirements listed in the DOT do not and cannot satisfactorily answer every . . . situation." *Segovia v. Astrue*, 226 F. App'x 801, 804 (10th Cir. 2007) (internal quotation marks omitted) (citing *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000)). Thus, in *Segovia*, the Tenth Circuit observed that the DOT did not separately classify the type of reaching required for the relevant jobs and found that the VE's testimony as to overhead reaching "does not conflict with the DOT . . . so much as it clarifies how [its] broad categorizations apply to this specific case."

*Segovia*, 226 F. App'x at 804; *see also Zblewski v. Astrue*, 302 F. App'x 488, 494-95 (7th Cir. 2008) ("Because the *DOT* does not address the subject of sit/stand options, it is not apparent that the [VE's] testimony conflicts with the *DOT*.").

This Court has repeatedly declined to find the existence of a conflict when the VE's testimony addressed a specific limitation that the DOT did not. *See Nguyen*, 2016 WL 4384373, at *8; *Mueller v. Colvin*, No. CIV-13-805-M, 2014 WL 3419313, at *6 (W.D. Okla. July 11, 2014); *Musgrave v. Astrue*, No. CIV-09-1276-D, 2010 WL 3749428, at *4-5 (W.D. Okla. Aug. 23, 2010) (R. & R.), *adopted*, 2010 WL 3749432 (W.D. Okla. Sept. 21, 2010); *Calip v. Astrue*, CIV-08-15-L, 2009 WL 113011, at *7-8 (W.D. Okla. Jan. 15, 2009). Indeed, similarly to this case, the VE testimony in *Nguyen* concerned work that the claimant could perform with limitations on neck movements. *See Nguyen*, 2016 WL 4384373, at *8. Recognizing that the DOT did not include specifications for neck movements on the relevant occupations, the Court noted that "'[e]vidence from VEs . . . can include information not listed in the DOT. . . . Information about a particular job's requirements . . . may be available from other reliable publications, information obtained directly from employers, or from a VE's . . . experience in job placement or career counseling.'" *Id.* (omissions in original) (quoting SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)). The Court concluded that there was not an actual conflict between the VE testimony and the DOT. *See id.* at *8-9. Plaintiff here likewise has not established that there was a conflict between the VE's testimony and the DOT job descriptions relied upon at step five or that the ALJ's step-five finding is unsupported by substantial evidence in this regard.

Third, absent any conflict, the undersigned finds that the ALJ's failure to question the VE about conflict or resolution thereof is harmless error. "[B]efore an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the [DOT], and elicit a reasonable explanation for any discrepancy on this point." *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999). Absent a conflict, however, the ALJ's failure to make such an inquiry is harmless. *See Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) ("Although we agree that the ALJ erred by not inquiring about whether there were any conflicts between the VE's testimony about the job requirements for the jobs identified and the job descriptions in the DOT, we conclude that this error was harmless because there were no conflicts.").[2]

---

[2] In conjunction with his argument that the ALJ erred in failing to ask the VE about a conflict, Plaintiff asserts that "[i]t is improper for an ALJ to make RFC findings and then to delegate the remaining phases of the step four analysis to the [VE]." Pl.'s Br. at 6 (citing *Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996)). Other than this single reference to step four, the remainder of Plaintiff's brief challenges the ALJ's determinations at step five, a stage at which it is "acceptable" for the VE "to make his own evaluation of the mental and physical demands of various jobs and of the claimant's ability to meet those demands despite the enumerated limitations." *Winfrey*, 92 F.3d at 1025. To obtain judicial review, it is insufficient to simply "suggest dissatisfaction" or merely mention an issue in the context of another matter. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994). Plaintiff's hint of an argument regarding the ALJ's step-four determination fails to develop a sufficient legal or factual basis for reversal, and the undersigned will not speculate or develop appellate arguments on his behalf. *See id.; Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003).

## RECOMMENDATION

Having reviewed the record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the decision of the Commissioner be AFFIRMED.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file written objections to this Report and Recommendation in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with the Clerk of this Court by December 12, 2017. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 28th day of November, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE